IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02649-TPO

EUSEBIO QUINONES,

        Plaintiff,

v.

DILLON COMPANIES, INC., a Kansas Corporation, d/b/a KING SOOPERS; and KING SOOPERS, INC.,

        Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on January 14, 2025 in Courtroom C402 of the Byron G. Rogers United States Courthouse C452, 1929 Stout Street, Denver, CO, 80294-0101 before U.S. Magistrate Judge Timothy P. O'Hara.

    Appearance of Counsel:

        For Plaintiff Eusebio Quinones

        **Daniel A. Sloane**, #19978
        Wahlberg, Woodruff, Nimmo & Sloane, LLP
        4601 DTC Boulevard, Suite 950
        Denver, CO 80237
        (303) 571-5302
        dan@denvertriallawyers.com

        **Michael P. Kane**, # 34878
        Kane Trial Law, PLLC
        115 Wilcox Street, Suite 220
        Castle Rock, CO 80104
        (303) 919-7777
        mpk@kanetrial.com

For Defendants Dillon Companies, Inc. d/b/a King Soopers and King Soopers, Inc.

Ashley R. Larson, #43561
**Shannon A. Hughes**, #51454
Sutton Booker P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
(303) 730-6204
alarson@suttonbooker.com
shughes@suttonbooker.com

## 2. STATEMENT OF JURISDICTION

This Court's jurisdiction is based upon diversity of citizenship and amount in controversy. 28 USC § 1332. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a resident of Windsor, Colorado. Defendant Dillon Companies, Inc. d/b/a King Soopers and King Soopers, Inc. is a Kansas corporation with a principal place of business in Cincinnati, Ohio. The amount in controversy exceeds $100,000, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff:  Plaintiff, Eusebio Quinones, has alleged that on August 26, 2022 he tripped and fell as a result of a group of handheld shopping baskets left in the lobby and main entrance of the King Soopers store located at 1520 Main Street, Windsor, Colorado. Plaintiff alleges that the defendant, as a landowner defined by C.R.S. §13-21-115, had a duty to use reasonable care to remove hazards such as the handheld shopping baskets and/or make safe areas they knew, or in the exercise of reasonable care should have known, would be used by customers entering its store. Plaintiff alleges the defendants breached that duty and as a result he suffered permanent injuries and losses as a result of the August 26, 2022 fall.

Defendants: Defendants admit that Dillon Companies, LLC was the landowner, as that term is defined in C.R.S. § 13-21-115, of the subject King Soopers location, and that Plaintiff was a

statutory invitee at the time of the incident. Defendants deny liability under the Colorado Premises Liability Act, C.R.S. §13-21-115. Defendants did not unreasonably fail to protect against a danger of which they knew or should have known. Defendants deny they unreasonably failed to exercise reasonable care. Defendants dispute the nature and extent of Plaintiff's claimed injuries and damages caused by the alleged incident. Additionally, Defendants raise several affirmative defenses in their answer, incorporated herein, including comparative negligence and failure to mitigate damages.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The alleged incident giving rise to this action occurred on August 26, 2022, at the King Soopers store located at 1520 Main St. Windsor, CO 80550.

2. For purposes of C.R.S. § 13-21-115, Defendant Dillon Companies LLC is a "landowner" of the King Soopers store located at 1520 Main St. Windsor, CO 80550.

### 5. COMPUTATION OF DAMAGES

**Plaintiff:**

1. Economic Damages -Mr. Quinones suffered an injury to his left shoulder and neck. He continues to receive medical treatment. Mr. Quinone's current medical bills are $4,894.78.

2. Non-economic damages. Pain and suffering, emotional distress from all of the treatment, and the ongoing pain he feels.

3. Physical Impairment/Disfigurement: Mr. Quinones continues to be limited and will continue to be limited into the future.

**Defendant:** Defendant is not claiming damages but reserves the right to recover costs and attorneys' fees to the extent permitted by law.

**Court: Within 30 days of the Scheduling Conference, on or before February 13, 2025, Plaintiff shall provide Defendant a more robust estimate of damages.**

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: October 30, 2024

b. Name of each participant and each party represented:

Plaintiff: Plaintiff, Eusebio Quinones, was represented by Daniel A. Sloane of Wahlberg, Woodruff, Nimmo & Sloane, LLP and Michael P. Kane of Kane Trial Law.

Defendants: Dillon Companies, Inc., d/b/a King Soopers and King Soopers, Inc. were represented by Shannon Hughes of Sutton Booker, P.C.

c. Statement as to when Rule 26(a) disclosures were made or will be made:

The Parties made their Rule 26(a) disclosures on or before November 13, 2024.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a): None

e. Statement concerning any agreements to conduct informal discovery: There are no agreements at this time. The parties recognize the value of informal discovery and will consider conducting informal discovery if appropriate.

f. Statement concerning any other agreements or proposals to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties shall

4

use a unified system of exhibits in depositions. The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure will involve information or records in electronic form:

The parties do not anticipate needing to discover a significant amount of electronically stored information, or that a substantial amount of disclosures or discovery will involve information or records maintained in electronic format.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties discussed the possibility of a prompt settlement during their Rule 26 (f) meeting and feel that discovery will be necessary before settlement. Should informal negotiations fail to produce a resolution, the parties may agree to submit this matter to mediation with a mutually acceptable mediator to be identified at a later date. Mediation will be scheduled in compliance with any Court-mandated deadline to conduct and/or complete alternate dispute resolution.

**Court: A brief discussion was held regarding settlement. The Parties may file a motion requesting a Settlement Conference with the Court if appropriate.**

## 7. CONSENT

All parties _X__ have ____ have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules: Each side shall be limited to six depositions.  Each side shall be limited to 25 interrogatories.  Each discrete subpart of any interrogatory will be counted as a separate interrogatory.

b. Limitations which any party proposes on the length of depositions: No modifications for parties. All other depositions limited to 4 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admissions: Each side shall be limited to 25 requests for production, 25 requests for admission.

d. Deadline for service of Interrogatories, Request for Production of Documents and/or Admissions: July 16, 2025.

e. The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer on the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *o'hara_chambers@cod.uscourts.gov*. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite discovery conference for discovery that concerns a third party.

The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally, face-to-face, by video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also occurs in a reasonable timeframe before any relevant deadline.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

b. Discovery Cut-Off: **August 15, 2025.**

c. Dispositive Motion Deadline: **September 15, 2025.**

d. Expert Witness Disclosures.

  1. The parties shall identify anticipated fields of expert testimony, if any.

  Plaintiff:

   1. Property Management/Forensic Engineer standard of care expert
   2. Neurology/orthopedics
   3. Plaintiff's treating physicians
   4. Any expert necessary for rebuttal purposes

  Defendant: Defendant anticipates disclosing retained experts in any field or medical specialty in which Plaintiff is claiming injuries or damages. Defendant also may designate some of Plaintiff's treating medical providers as experts. Defendant reserves the right to retain rebuttal experts in any field in which Plaintiff designates experts including liability and damages.

7

2. Limitations which the parties propose on the use or number of expert witnesses.

The Parties stipulate to no more than one retained expert in any single field per side absent leave of Court for good cause shown. The parties agree to a limit of 2 specially retained experts.

3. The parties shall designate all experts and provide opposing counsel and any pro-se parties with the information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 16, 2025.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 16, 2025.**

e. Identification of Persons to be Deposed:

:

| Deponent Name | Expected Length of Testimony |
|---|---|
| Plaintiff | 4-7 hours |
| Dillon Companies, Inc., d/b/a King Soopers and King Soopers, Inc 30(b)(6) representative | 4-7 hours |
| Plaintiff's treating medical providers | 2-4 hours |
| Additional witnesses obtained through discovery | 4 hours |
| Plaintiff's disclosed experts | 4 hours |
| Defendant's disclosed experts | 4 hours |

Case No. 1:24-cv-02649-TPO   Document 20   filed 01/15/25   USDC Colorado   pg 9 of 10

## 10.  DATES FOR FURTHER CONFERENCES

If no dispositive motions are filed, the Parties shall, no later than **seven days** after the dispositive motions deadline has passed, **by September 22, 2025,** jointly email Chambers (*o'hara_chambers@cod.uscourts.gov*) to obtain dates for the Final Pretrial/Trial Preparation Conference and the trial. If dispositive motions are filed, once the motion(s) have been fully briefed, the Court will *sua sponte* set a status conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.  Anticipated length of trial and whether trial is to the court or jury. 5 day jury trial.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:  None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

9

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of January, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge